34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ferris T. VALENTINE, also known as Gary Neton, also known as
Gary Newton, Appellant.
 No. 94-1927.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 25, 1994.
Filed: August 31, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ferris Valentine appeals his 235-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm.
 
 
 2
 Valentine's presentence report (PSR) indicated a base offense level of 40 based on an offense involving at least 5 but less than 15 kilograms of cocaine base, a two-level enhancement for obstruction of justice, a two-level reduction for acceptance of responsibility, a criminal history category of V, and a Guidelines range of 360 months to life imprisonment. After holding an evidentiary hearing, the district court adopted the calculations from the PSR, but departed downward based on the government's substantial-assistance motion. The court sentenced Valentine to 235 months imprisonment, to be served concurrently with a 160-month term he was serving in Minnesota, and five years supervised release.
 
 
 3
 For reversal, Valentine first argues the district court erred in estimating the quantity and type of drug involved. A district court may consider any relevant evidence in the sentencing determination as long as it has "sufficient indicia of reliability to support its probable accuracy," see U.S.S.G. Sec. 6A1.3(a), and the court's findings as to drug quantity attributable to a defendant will not be overturned on appeal unless clearly erroneous. United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993). Testimony at the evidentiary hearing established that postal inspectors "field tested" the substance Valentine received by mail and found it to be cocaine base-a finding corroborated by laboratory chemical analysis reports which were exhibits at the hearing. The court based its quantity determination on the testimony of a postal inspector and on statements from Valentine's three codefendants that he provided them respectively with 1.3 kilograms, 4.2 kilograms, and 17 kilograms of cocaine base. In calculating a drug quantity of 5.5 kilograms, the district court obviously gave Valentine the benefit of the doubt. We find no clear error.
 
 
 4
 Valentine also challenges the court's decision to impose an enhancement for obstruction of justice-a decision we review for clear error. Adipietro, 983 F.2d at 1479. Here, the obstruction increase was based on steps Valentine took toward escape from jail while being held for this offense. See U.S.S.G. Sec. 3C1.1, comment. (n.3(e)) (enhancement applies to attempt to escape from custody before sentencing). Valentine gave another inmate a sack of candy bars to hold for him. The inmate found a saw hidden inside one of the candy bars and reported this to correctional officers. In addition, Valentine had received in the mail several hundred dollars hidden between sealed sides of a postcard, and had begun working at the caulking of one of the windows in his cell. Given Valentine's prior history of escape attempts and successful escapes, we find the district court did not clearly err in imposing the enhancement. Because we uphold the enhancement, we need not consider Valentine's related claim that the increase may have adversely affected the extent of the court's departure for substantial assistance.
 
 
 5
 Finally, Valentine claims the 100-to-1 ratio between the penalties for cocaine base and cocaine violates his equal protection rights. We have recently reaffirmed that this ratio does not deny equal protection of the law. United States v. Maxwell, 25 F.3d 1389, 1396-97 (8th Cir. 1994).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska